[No. 6001. Decided April 5, 1906.]

EDWARD MOSLEY, *Respondent,* v. ALBERT DONNELL, *Appellant.*[1]

PROCESS—SUMMONS—SUFFICIENCY OF AFFIDAVIT FOR PUBLICATION. An affidavit for a summons for publication is sufficient although it states conclusions instead of probative facts.

FRAUD—OBTAINING MONEY THROUGH FALSE PRACTICES OF WIFE—EVIDENCE—SUFFICIENCY. There is sufficient evidence that the defendant was a party to the fraud whereby his wife obtained possession of plaintiff's money, where it appears, that plaintiff and defendant were fellow workmen at a smelter; that the defendant was the only person who knew that the plaintiff was to leave on a certain train, with $600 to invest in real estate; that defendant's wife preceded plaintiff to said train, and was introduced to him under a false name, and induced him to loan the money by giving him a mortgage on real estate which she did not own, shortly after transferring other property to her husband without consideration and leaving the state; and where the defendant received part of the money, soon left the state, and his evidence is equivocal and contradictory.

Appeal from a judgment of the superior court for Stevens county, Huneke, J., entered July 6, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover money fraudulently obtained. Affirmed.

*Robertson, Miller & Rosenhaupt,* and *F. Y. Wilson,* for appellant.

*Kellogg & Neal,* for respondent.

MOUNT, C. J.—Respondent brought this action against the defendants to recover the sum of $600, alleged to have been fraudulently obtained from him by the defendants, and to set aside a deed of certain lots in the town of Northport, from Louella Donnell to Albert Donnell, her husband, on the ground of fraud, and to subject said lots to the payment of plaintiff's claim. At the time the action was brought, a writ of

[1]Reported in 85 Pac. 259.

attachment was sued out and levied upon the said lots. Summons was served upon the defendants by publication. The appellant Albert Donnell appeared specially, and moved the court to quash the service of the summons. This motion was denied, and appellant then filed an answer, denying the allegations of the complaint. The defendant Louella Donnell made no appearance, and judgment was entered against her by default. The cause was tried to the court without a jury, and findings were made in favor of the plaintiff, and a decree entered as prayed for in the complaint. The defendant Albert Donnell appeals.

The facts are substantially as follows: In the year 1903, all the parties hereto were residents of the town of Northport, in this state. The plaintiff was a man fifty-two years of age. He and appellant were fellow workmen in the Northport smelter, where they had been employed for about two years. They met about their work every day. Appellant was married to the defendant Louella Donnell, who was a common prostitute in the town of Northport. The plaintiff had never met Mrs. Donnell. About the 1st of December, 1903, the plaintiff had accumulated about $600 in money, which he desired to invest in farm lands in Lincoln county. He had informed the appellant of his intentions. About the 1st day of December, 1903, he went to the train at Northport, intending to go to Hartline, in Lincoln county, for the purpose of investing his money. An acquaintance met him at the depot and went on the train with him and introduced him to appellant's wife, stating that her name was Lou Blake Murray, and that she resided in Nelson, British Columbia. At her invitation plaintiff sat in the seat beside her from Northport to Spokane. On the way to Spokane Mrs. Donnell stated that she owned some timber land in Idaho, and was on her way to look at it, and invited plaintiff to go along with her. He consented, and they went to the land and looked it over. After they had examined the land, Mrs. Donnell proposed to

borrow $600 from the plaintiff, and stated that she would give
him a mortgage on the land to secure the repayment of the
money. Plaintiff, relying upon her representations that she
owned the land, made the loan and took her note and mortgage
for the $600. Mrs. Donnell thereupon returned to North-
port, gave her husband a part of the money, and deeded two
lots in Northport to her husband without consideration, and
departed for British Columbia. A day or two later the plain-
tiff discovered that Mrs. Donnell was the wife of the appel-
lant, and that she had no interest in the land upon which she
had given him a mortgage. The appellant Albert Donnell
soon thereafter left Northport, and went to British Columbia.
Plaintiff thereupon brought this action.

Appellant contends, first, that the affidavit for publication
is insufficient. The affidavit in this case is substantially the
same as the one in *Goore v. Goore,* 24 Wash. 139, 63 Pac.
1092, which we held sufficient.

Assignments are made that the evidence is not sufficient to
support several of the findings of fact. Each of these assign-
ments is argued separately in the brief. It is unnecessary for
us to consider them separately. The evidence is clear and
positive to the point that the appellant's wife, by misrepre-
sentation and fraud, obtained respondent's money. There is
no direct and positive evidence that the appellant was a party
to the fraud, but the circumstances surrounding the case point
very closely to the fact that the appellant himself instigated
the fraud and was a party to it and received a portion of the
proceeds. He was the only person who knew that respondent
had the money, and was going to Spokane with it at the time
stated. Appellant's wife went to the train that morning
ahead of respondent, and was introduced as another person by
a mutual friend. She obtained the money fraudulently and
came back to Northport, where she attempted to place her
property there out of the reach of respondent by deeding it to
her husband. She gave a part of the proceeds to her hus-

band, and then left the state. The appellant soon followed.
The appellant testified in the case in his own behalf, and his
evidence as we read it is very unsatisfactory. It is equivocal
and contradictory, and does not appeal to us as the evidence of
an innocent person. The trial court was abundantly justi-
fied in its conclusion, and we think the judgment entered is
in accordance with the justice of the case.

The judgment is therefore affirmed.

DUNBAR, HADLEY, RUDKIN, CROW, FULLERTON, and ROOT,
JJ., concur.