ALICE MAY WHITTAKER et al., Respondents, v. G. W. MILLER, Appellant.

St. Louis Court of Appeals, March 2, 1915.

1. **FRAUD AND DECEIT: Misrepresenting Acreage of Tract of Land.** A positive representation as of the vendor's own knowledge, as to the acreage of a tract of land, may be relied upon by the purchaser, and, although he goes upon and views the land, without measuring it, he may recover for a shortage in acreage so misrepresented.

2. ———: ———: **Sufficiency of Evidence.** In an action for damages for fraudulent misrepresentations as to the acreage of a tract of land purchased by plaintiff from defendant, evidence *held* sufficient to sustain a finding for plaintiff.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Albert M. Spradling* for appellant.

(1) Where, on a charge of fraud, the construction of the evidence is as consistent with the honesty of the transaction which plaintiff impeaches as with the contrary, and a doubt exists as to the construction to be given, such doubt should be resolved in favor of the defendant. State ex rel. v. Shelton, 249 Mo. 660; Webb v. Darby, 94 Mo. 621; Chapman v. McIlreath, 77 Mo. 38; Page v. Dixon, 59 Mo. 43; Dallam v. Renshaw, 26 Mo. 533. (2) The party alleging fraud takes upon himself the burden of proving every necessary element of the fraud. Dickson v. Atkins, 100 Ill. App. 401; Ferguson v. Willig, 57 Kan. 453; Horton v. Weine, 124 Mass. 92; Springer v. Crowell, 103 Mass. 65; Bracket v. Griswold, 112 N. Y. 454; Wakeman v. Dalley, 51 N. Y. 27. (3) (a) The statement of C. B. Miller as to the number of acres was what the surveyor had told him. All the information that the defendant had was what C. B. Miller had given him. It is competent and proper for the defendant to show, in resisting such charge, that he did not know that representation was false, and to this end he is permitted to show that he acted in good faith on reasonable appearances and was honestly mistaken, having good reason to believe in the truth of the representation when made. Peters v. Lohman, 171 Mo. App. 465; Serrano v. Commission Co., 117 Mo. App. 185; Dulaney v. Rodgers, 64 Mo. 201. (b) An innocent misrepresentation made through mistake without knowledge of its falsity, and with no intention to deceive, cannot justify a personal action for damages. Snyder v. Stemmons, 151 Mo. App. 156; Green v. Worman, 83 Mo. App. 568; Redpath v. Laurence, 42 Mo. App. 101; Walker v. Martin, 8 Mo. App. 560; Dulaney v. Rogers, 64 Mo. 201; Dunn v. Oldham, 63 Mo. 181. (4) An examination of the

record in this case will show that scienter, as contemplated by law, is not present. First, a false representation made with the knowledge of its falsity by the utterer is *scienter* in law. Peters v. Lohman, 171 Mo. App. 465; Serrano v. Com. Co., 117 Mo. App. 185; Bank v. Byers, 139 Mo. 6?7; Walsh v. Morse, 80 Mo. 568; Dulaney v. Rogers, 64 Mo. 201; Dunn v. White, 63 Mo. 181; Owen v. Rector, 44 Mo. 389. Second, the law will constructively supply scienter when a party makes a representation of a material fact as of his own knowledge when in truth he has no knowledge whatever on the subject either of its truth or falsity. Peters v. Lohman, 171 Mo. App. 465; Serrano v. Com. Co., 117 Mo. App. 185; Lovelace v. Suter, 93 Mo. App. 429; Paretti v. Revenack, 81 Mo. App. 494; Hamlin v. Abell, 120 Mo. 188; Caldwell v. Henry, 76 Mo. 254; Dulaney v. Rogers, 64 Mo. 201; Dunn v. White, 63 Mo. 181. Third, the law will raise up or constructively supply scienter when the party, by reason of his peculiar position, has special means of knowledge, and under such circumstances (the other sufficient elements of liability being present) makes representations which he ought to have known, if he did not, to be false. Serrano v. Com. Co., 117 Mo. App. 185; Raley v. Williams, 73 Mo. App. 310. (5) Proof that the complaining party made inquiries from others from whom he obtained information raises the presumption that he relied thereon. Anderson v. McPike, 86 Mo. 293. (6) The statements of the defendant to Frank Williams were incompetent, unless Frank Williams was the plaintiff's agent. Paretti v. Revenack, 76 Mo. 254, 256. (7) The record does not show that respondents have suffered any injury.

*I. R. Kelso* for respondent.

NORTONI, J.—This is a suit for damages alleged to have accured on the grounds of fraud and deceit.

Plaintiffs recovered and defendant prosecutes the appeal. Plaintiffs are husband and wife.

The controversy pertains to the misrepresentation of the number of acres of land in a tract purchased by plaintiffs from defendant. It appears that plaintiffs negotiated first with defendant's son, Charles B. Miller, concerning the purchase of the land, but afterwards concluded the transaction with defendant in person.

The evidence tends to prove that defendant owned the land, and that his son, Charles B. Miller, acted as his agent in the matter. The representations as to the acreage of land were made in the first instance by Charles B. Miller, the son, but subsequently ratified and renewed with full knowledge on the part of defendant, his father.

The evidence on the part of plaintiffs tends to prove the husband, Dr. C. C. Whittaker, examined the farm, in company with Charles B. Miller, and went over it in so doing. After examining it, he offered forty-five dollars per acre for the place, to be paid in part through the exchange of property owned by plaintiffs in the city of Cape Girardeau, valued at $3120, and the remainder otherwise.

During the negotiations and at the time the offer was made, Charles B. Miller represented to plaintiffs that the tract of land contained 176.55 acres. The representation given in evidence with respect to the acreage of the land is direct and positive, for it appears that plaintiff Dr. C. C. Whittaker made special inquiry concerning the knowledge of Miller touching it. Plaintiff Dr. C. C. Whittaker, who conducted the negotiations for himself and his wife, testifies that he inquired of Charles B. Miller if he was sure there was as much as 176 acres in the tract and that Miller answered, ''Sure; yes, sir, I am positive there is 176.55 acres. I can show you in three inches of where the survey runs.'' Relying upon this representation,

plaintiffs proposed to take the tract of land and pay therefor through the exchange of their property in Cape Girardeau, valued at $3120, and $4800 additional —that is, a total consideration of $7920—at the agreed price of forty-five dollars per acre. Before the transaction was completed, Charles B. Miller went to Texas, and referred plaintiff to defendant, his father, for further negotiations. Plaintiff Dr. C. C. Whittaker and defendant discussed the matter a time or two and Dr. Whittaker said to defendant: "Now, Mr. Miller, understand, if I trade, I do it with the expectation of getting 176.55 acres of land." And Mr. Miller said, according to the evidence, ".It is there; Charlie has had it surveyed twice, and it is there." On these representations the sale was consummated, and defendant executed a deed to plaintiffs, describing the lands conveyed, and reciting therein the acreage as 176.55 acres, for the consideration above mentioned—that is, $7920. It does not appear the land had ever been surveyed before, but subsequently plaintiffs caused the land to be surveyed and measured, through which it was ascertained the tract consisted of 152 acres, revealing a shortage of 24.55 acres. On the part of defendant, the evidence tends to prove that the land was merely exchanged for plaintiffs' property and so much "boot" money, but the court found the issue for plaintiffs as though the purchase was made by the acre as stated.

A jury was waived and the case tried before the court. No instructions were requested or given at the instance of plaintiff and all of the instructions requested by defendant were given save one—that is, number 4—and this was refused. The purport of defendant's instruction number 4, so refused, is to the effect that if plaintiff Dr. Charles C. Whittaker, who is the husband and agent of his co-plaintiff, Alice May Whittaker, went over the land and thus had means of viewing it, no recovery may be had on account of the shortage of acres so misrepresented, because the rule

*caveat emptor* applies. The court did not err in refusing this instruction, as has been heretofore determined in Judd v. Walker, 114 Mo. App. 128, 89 S. W. 558, s. c. 215 Mo. 312, 114 S. W. 979. There is substantial evidence in support of the finding and judgment as above pointed out, and it appears the court accepted plaintiffs' version of the facts and rejected that put forward by defendant.

Obviously the judgment is for the right party and it should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.