[No. 13079.   Department Two.   July 21, 1916.]

J. C. GEORGE et al., Respondents, v. SALAM C. KURDY et al.,
Appellants.[1]

FRAUD—MISREPRESENTATIONS—RELIANCE UPON — VENDOR AND PUR-
CHASER—EVIDENCE—SUFFICIENCY.  In an action for fraud, a purchaser,
although making a personal investigation, may rely on the vendor's
representations that 100 acres of a 320-acre tract were susceptible of
cultivation, where, owing to the topography of the tracts, its irregu-
lar shape, and the brush upon it, the falsity of the representations
could not be ascertained without a scientific survey, and there was
no other way to form a reasonably accurate judgment on the sub-
ject; and it is immaterial that the vendor did not know the falsity
of the statement, where the statement was made as a fact and not
as a matter of opinion.

TRIAL—INSTRUCTIONS—ISSUES AND INSTRUCTIONS—REQUESTS.  In
an action for fraud in selling land through misrepresenting the num-
ber of acres susceptible to cultivation, the number of acres under
cultivation, and the condition and character of a creek crossing the
premises, in which there was evidence to go to the jury as to the
first matter, a requested instruction withdrawing all three matters
from the jury is properly refused, and error cannot be assigned on
the failure to withdraw from the jury the consideration of the second
matter, in the absence of a request therefor.

APPEAL—HARMLESS ERROR—INSTRUCTIONS.  It is not error to re-
fuse requested instructions amplifying a statement of law that is
sufficiently covered in the general charge.

Appeal from a judgment of the superior court for Walla
Walla county, Mills, J., entered December 12, 1914, upon
the verdict of a jury rendered in favor of the plaintiffs, in
an action in tort, after a trial on the merits.   Affirmed.

*Sharpstein & Sharpstein* and *J. W. Brooks*, for appellants.
*John C. Hurspool*, for respondents.

MAIN, J.—The purpose of this action was to recover dam-
ages for fraud alleged to have been practiced in a transac-
tion involving the exchange of real estate.   The cause was

[1]Reported in 158 Pac. 965.

tried to the court and a jury, and resulted in a judgment in favor of the plaintiffs in the sum of $1,000. Motions for judgment notwithstanding the verdict and for a new trial being made and overruled, a judgment was entered upon the verdict. From this judgment, the appeal was prosecuted.

The facts are these: The respondents were the owners of a tract of land in the state of Oregon consisting of approximately two hundred acres. The appellants were the owners of a tract of land in Walla Walla county, Washington, consisting of approximately three hundred and twenty acres. This land is described as being in the foothills, and the character of a portion of it is what would be called rough land. The respondents had their land listed with one C. A. Andrew, a real estate broker in the city of Walla Walla. The appellant Salam C. Kurdy caused the lands of the appellants to be listed with the same broker. Kurdy in making this listing represented, that of the three hundred and twenty acre tract, forty acres was under cultivation, and one hundred acres additional was susceptible of cultivation when cleared.

The parties were brought together by Andrew, and the respondent J. C. George, the appellant Salam C. Kurdy, and Andrew together visited the land of the appellants. During the inspection of the place, George looked over the buildings and the farm land, and the one hundred acres claimed to be susceptible of cultivation was pointed out to him by Kurdy as the one hundred acre tract. Further negotiations resulted in an exchange of deeds to the respective properties.

Some time after the conveyance had been made to them, the respondents caused the land under cultivation and what was represented to be the one hundred acre tract susceptible of cultivation to be surveyed. This survey showed 22.67 acres of cultivated land, and 31.61 acres of land which could be cleared and susceptible of cultivation. The tract which was represented to contain one hundred acres was upon a knoll and hillside, and was of very irregular shape, and was covered with brush and small trees, ten or fifteen feet high.

Of this, no reasonably accurate estimate of the amount of land which was susceptible of cultivation could be made without a scientific survey. The present action was brought, as already indicated, to recover damages for false representations as to the amount of land under cultivation, the amount of land susceptible of cultivation, and as to the character of a certain stream which passed across a portion of the land, and the amount of fencing that had been done. At the conclusion of the plaintiffs' evidence upon the trial, a motion for nonsuit was made and denied.

The appellants claim that, since George visited the land and had an opportunity to investigate, he is not in a position to claim that any false representations were made to him. The rule is, that the vendee may rely upon the recommendation of his vendor where, for any reason, the falsity of the representations is not readily ascertainable. *Christensen v. Koch*, 85 Wash. 472, 148 Pac. 585; *Becker v. Clark*, 83 Wash. 37, 145 Pac. 65. This rule is applicable to the one hundred acre tract, or that portion which was represented to be susceptible of cultivation if cleared. From the facts stated, the jury had a right to find that, owing to the topography of this tract, its irregular shape, and the fact that it was covered with brush, the falsity of the representations relative to the number of acres could not readily be ascertained. There was no way for the prospective vendee to investigate the tract, or get such a view thereof as would enable him to form a reasonably accurate judgment as to the number of acres except by means of a scientific survey.

In *Wooddy v. Benton Water Co.*, 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102, the plaintiff contracted for the purchase of sixty acres of land from the defendant. It was there represented by the vendor that the entire tract was under the level of the canal which had been constructed for the purpose of irrigating the land there in question, and other lands, and was susceptible of irrigation therefrom. After the purchase was made, it was discovered 28.24 acres out

of the sixty were above the level of the canal and could not be irrigated therefrom. When this fact was discovered, an action was brought to recover damages. The parties in that case, before the exchange there involved was made, visited the land and the vendee examined the same. But whether all the land could be irrigated from the canal could not be determined without an accurate survey. The defendants knew that the land was not all subject to be irrigated when the representation was made. It was there held that the false representation was actionable because it could not be readily ascertained from an investigation without a survey that the land was not all capable of being irrigated from the canal.

The facts in the present case bring it within the holding of that case, unless the fact that Kurdy, at the time he made the representation, may not have known it was false, would call for the application of a different rule. In this case, the appellants had not, previous to the transaction, had the land surveyed. None of the appellants resided upon the land; and the one who made the representation was engaged in the mercantile business. The fact that Kurdy did not know at the time he made the representation that there were one hundred acres of land susceptible of cultivation when cleared, that the tract did not contain that many acres, would not avoid liability for false representation if the statement as to the number of acres was made as a fact, and not as a matter of opinion. In *Grant v. Huschke,* 74 Wash. 257, 133 Pac. 447, it was said:

"It is usually held that representations to be actionable must be made *scienter,* but it does not follow that actual knowledge of the true facts or of the falsity of the representations must be shown. Representations, as of his own knowledge, of material and inducing facts susceptible of knowledge, made by a vendor in ignorance of the facts, but with the knowledge that the vendee is relying upon the representations as true and under circumstances reasonably excusing the vendee from investigating for himself, are actionable on the part of a vendee so relying to his injury. In

such a case, the fraud of the vendor consists in representing as true, with knowledge that it is being relied upon as true, that which he did not know to be true. This rule is supported by the trend of modern authority and has been consistently adhered to by this court. (Citing authorities)."

Whether the representation as to the number of acres was made as a fact, or stated as an opinion, was by the court submitted to the jury.

As to the land under cultivation, the rule relative to the facts not being readily ascertainable would doubtless not apply under the doctrine of the case of *Van Horn v. O'Connor*, 42 Wash. 513, 85 Pac. 260, if that question is properly here for review. The motion for nonsuit was upon the ground that the cause of action, or any part thereof, had not been proven. The court's attention was not specifically directed to the land under cultivation as distinguished from the land which was susceptible of cultivation if cleared. In a requested instruction, the court was invited to direct the jury that the plaintiffs were not entitled to rely upon any representation as to the number of acres of tilled land, or as to the number of acres which could be cleared and tilled, nor as to the condition or character of the creek crossing the premises, or that the land was fenced with a good three-wire fence. This instruction, as drafted and requested, was properly refused. No request was made to the court to instruct the jury that, in their deliberations, they should not take into consideration the representation claimed to have been made relative to the number of acres of land under cultivation. In the absence of such a request, the failure of the court to withdraw from the consideration of the jury the representations as to the number of acres under cultivation, cannot be reviewed.

Some claim is made that error was committed in the instructions given by the court. The criticism of the instructions, we think, has been met by the rules of law above stated.

It is also claimed that error was committed by the court in that it failed to give certain requested instructions. The

matter covered by these instructions, so far as they correctly stated the law, was sufficiently covered by the instructions given. Even though one of the instructions requested amplified the statement of the law more fully than did the instruction given upon the subject, the failure to give it was not reversible error.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and BAUSMAN, JJ., concur.