[No. 16280. Department Two. September 30, 1921.]

FRANK N. GLASGOW *et al., Respondents,* v. LAURENCE
BRECHT *et al., Appellants.*[1]

FRAUD (8, 22)—MISREPRESENTATIONS—RELIANCE UPON—MEANS
OF KNOWLEDGE—EVIDENCE—SUFFICIENCY. The purchaser of a farm
of 260 acres is entitled to recover damages for fraud where he re-
lied on representations of the seller that there were 200 acres in
cultivation when in fact there were but 140 acres cultivated, and
the truth could not be readily ascertained, except by means of a
scientific survey because the farm was located in the foothills, and
the land under cultivation was so irregular in shape and of such
topography that it could not be seen all at one time from any ele-
vated point.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered March 26, 1920,
upon the verdict of a jury rendered in favor of the
plaintiffs, in an action for damages for fraud. Af-
firmed.

*Cary M. Rader* and *John C. Hurspool,* for appel-
lants.

*Sharpstein, Smith & Sharpstein,* for respondents.

MAIN, J.—The plaintiffs purchased from the defend-
ants a farm, and having concluded that they were de-
frauded, brought this action for damages. The cause
was tried to the court and a jury, and resulted in a
verdict in favor of the plaintiffs in the sum of $2,500.
A motion for new trial being made and overruled,
judgment was entered upon the verdict. The defend-
ants appeal.

The appellants were the owners of a farm in Walla
Walla county, consisting of 260 acres. In May, 1919,
this was purchased by the respondents for the sum of
$30,000. Before making the purchase they visited the

[1]Reported in 200 Pac. 1089.

farm on two occasions, the first time only making a casual examination thereof. Upon the second visit they were accompanied by the representative of the appellants, and they looked over the place somewhat carefully. The action grew out of a representation which the respondents claimed was made to them to the effect that there were two hundred acres of land under cultivation. After possession of the farm had been taken, the respondents caused it to be surveyed, with the result that they were apprised that but approximately 140 acres of the land was in cultivation. The appellants, in their answer, denied that any representation was made as to the number of acres in cultivation or in the pasture. The farm was situated in what is called the foothills, and the land in cultivation was irregular in shape and of such topography that it could not all be seen at one time from any elevated point. It was also divided by a road.

The principal contention of the appellants appears to be that the evidence was not sufficient to carry the question of false representation to the jury, and that therefore the court erred in failing to grant their motion for a new trial. In support of this position, two facts are largely relied upon: First, that the respondents visited and looked over the farm before its purchase; and second, that no representations were made. Upon the second question the evidence was conflicting and the jury had the right to believe that offered by the respondents, which was that there was a positive representation made to them that two hundred acres of the land was in cultivation. Upon the question as to whether the respondents should be denied a recovery because they visited and looked over the farm before its purchase, the case is strikingly similar to that of *George v. Kurdy,* 92 Wash. 277, 158 Pac. 965. There

the plaintiff, claiming to have been defrauded, had looked over the land which was upon a knoll or hill-side, irregular in shape and was covered with brush and small trees. It was there said:

"The appellants claim that, since George visited the land and had an opportunity to investigate, he is not in a position to claim that any false representations were made to him. The rule is, that the vendee may rely upon the recommendation of his vendor where, for any reason, the falsity of the representations is not readily ascertainable. *Christensen v. Koch*, 85 Wash. 472, 148 Pac. 585; *Becker v. Clark*, 83 Wash. 37, 145 Pac. 65. This rule is applicable to the one hundred acre tract, or that portion which was represented to be susceptible of cultivation if cleared. From the facts stated, the jury had a right to find that, owing to the topography of this tract, its irregular shape, and the fact that it was covered with brush, the falsity of the representations relative to the number of acres could not readily be ascertained. There was no way for the prospective vendee to investigate the tract, or get such a view thereof as would enable him to form a reasonably accurate judgment as to the number of acres except by means of a scientific survey."

Under the doctrine of that case, if the respondents could not have readily ascertained the falsity of the representation as to the land in cultivation, they were justified in relying upon the statements made to them. In the present case the evidence shows that the land was irregular in shape, could not all be seen at one time from any elevated point, and that the number of acres under cultivation could not be readily ascertained except by means of a scientific survey. This is admitted by the defendants in their answer. The trial court, applying the rule of the *George* case, rightly denied the motion for a new trial.

It is further claimed that a motion for new trial should have been granted because of error in the in-

structions given and refusal to grant certain requests. The instructions given accurately state the law and cover the issues and the facts in the case. The instructions requested and refused, so far as they contained a correct statement of the law applicable to the case, were in substance given. There was no error growing out of the instructions either given or refused.

The judgment will be affirmed.

PARKER, C. J., MACKINTOSH, MITCHELL, and TOLMAN, JJ., concur.