[No. 17819.  Department One.  July 5, 1923.]

ARTHUR RACKHAM *et al., Respondents,* v. JACOB K.
KOCH *et al., Appellants.*[1]

FRAUD (8, 22)—MISREPRESENTATIONS—RELIANCE UPON—MEANS OF
KNOWLEDGE—EVIDENCE—SUFFICIENCY.  The purchaser of farm land,
represented to him as containing twenty acres, is entitled to recover
damages on account of a shortage of three acres, discovered by a
survey some years later, where he was inexperienced and relied on
the representations, and the lines were irregular so that the area
could not be determined without a survey; notwithstanding the
lines were pointed out and were visible from the road and the
vendor may have honestly believed his statements to be true.

SAME (4)—REPRESENTATIONS—MATTERS OF FACT OR OPINION.  The
vendor's statement that the amount of land within inclosures pointed
out was twenty acres is a representation of a material fact and not
a mere expression of opinion.

LIMITATION OF ACTIONS (56)—FRAUD—DISCOVERY.  Under Rem.
Comp. Stat., § 159, an action for damages for a shortage in the
acreage of land, misrepresented on the sale, is not barred until
three years after the discovery of the fraud.

REFORMATION OF INSTRUMENTS (4)—DEEDS—MISTAKE.  Where, by
mistake, a deed included land not within the inclosure pointed out
or intended to be conveyed, it should be reformed.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered May 19, 1922,
upon findings in favor of the plaintiffs, in an action
for damages for fraud, tried to the court.  Affirmed.

*Troy & Yantis,* for appellants.

*Bigelow & Manier,* for respondents.

BRIDGES, J.—This is the chief question in this case:
Is a vendor of a tract of land liable in damages to the
vendee when the latter makes a personal examination
of the land, and the visible boundaries are shown to
him and the vendor represents as a fact that there are

[1]Reported in 216 Pac. 835.

a definite number of acres in the tract, whereas it later develops that there is a substantial shortage of acres, and the vendee relies on such representations.

The defendants owned a tract of land in Thurston county which they desired to sell. They showed it to the plaintiffs on two different occasions. All of the land was cleared and under cultivation, and all of it could be seen from the road alongside of the land and from many other places. A fence enclosed the whole tract and it was definitely and correctly pointed out to the plaintiffs. The lines of the land were more or less irregular. The defendants represented to the plaintiffs as a fact that the tract of land within the enclosure contained twenty acres. Subsequently a deal was consummated whereby the plaintiffs purchased for $3,000. The deed did not recite the number of acres conveyed. For a couple of years the plaintiffs rented the land, and thereafter lived on it until the commencement of this action. By a survey which they later had made, they discovered that the actual amount of land which had been shown them, and which was within the enclosure pointed out to them at the time of sale, was some three acres less than the amount represented, to wit, twenty acres. They brought this suit to recover damages on account of the shortage. The defendants have appealed from a judgment in favor of the plaintiffs for $450.

It is first argued that, if it be conceded that appellants represented that there were twenty acres in the tract, they were honest in so doing, and because they were not guilty of any fraud, no damages are recoverable. It must be conceded that some courts have held that, under such circumstances as exist here, there can be no recovery of damages unless it is shown that the representation as to the amount of land was fraud-

ulently made. But this court has definitely repudiated that doctrine. In *Hanson v. Tompkins*, 2 Wash. 508, 27 Pac. 73, we said:

"If the defendants relied on the representations of the plaintiff, and were led to believe by such representations that lot 2 contained 36½ acres, when in fact it only contained 26½ acres, and were induced by such representations to purchase said lot as a lot of 36½ acres, it makes no difference whether plaintiff knew such representations to be false or not, he is liable. If he knew the lot did not contain 36½ acres, and represented to defendants that it did, he would be guilty of fraud and deceit; but if he did not know it, and believed that the representations he made were true, and defendants, acting upon such representations, were damaged because it eventuated that they were not true, the liability of the plaintiff would be the same."

See, also, *Sears v. Stinson*, 3 Wash. 615, 29 Pac. 205.

But the main question remains to be discussed.

The decisions of some of the courts are to the effect that, under the circumstances here related, there cannot be any recovery of damages or recission of contract, because the purchasers having inspected the land and having been shown its true boundaries, the doctrine of *caveat emptor* applies to them, because, by the exercise of ordinary vigilance, they could easily have ascertained for themselves the exact number of acres involved in the tract. Such seems to be the rule adopted and adhered to by the highest court of the state of Massachusetts.

Other courts, on the contrary, hold that, where the land is of such character or quantity as that the number of acres contained within the fixed and known boundaries cannot be ascertained without a scientific survey, relief may be had when the vendor has represented as a fact that the tract sold contained a certain number

of acres, when in fact it contained materially less, and the purchaser has relied on such representations.

The liability of the vendor for damages growing out of the shortage of acreage has been before this court on several occasions, but in all, or nearly all, of such cases facts and circumstances appeared which were considered as determinative and which do not appear in this case. Appellants cite as particularly applicable to the view contended for by them: *Conta v. Corgiat,* 74 Wash. 28, 132 Pac. 746; *Forrester v. Jastad,* 97 Wash. 633, 167 Pac. 55; *Hegberg v. Tripp,* 99 Wash. 298, 169 Pac. 822; and *Hurley v. Lindsay,* 105 Wash. 559, 178 Pac. 626. The respondents cite as particularly supporting their view the following cases from this court: *Wooddy v. Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102, and *Best v. Offield,* 59 Wash. 466, 110 Pac. 17, 30 L. R. A. (N. S.) 55.

The facts of the cases cited by the appellants are distinguishable from those here. Probably the case most in their favor is that of *Conta v. Corgiat, supra.* There the facts were nearly identical with those involved here except that the land in controversy was a town lot. The vendor represented the lot to be one hundred and twenty feet long, when, as a matter of fact, it was only one hundred and five feet in length. The proper boundaries of the lot were pointed out to the purchaser, and we held that the doctrine of *caveat emptor* applied. The court was of the opinion that the purchaser was in as good a position as the seller to determine the length of the lot, and held that a superficial view ought to have indicated to the purchaser that it was not one hundred and twenty feet in length, and that, in any event, he could at once have determined its length by "pacing off its lines." We further said that, "while this court has gone as far as any court

in relaxing that rule (caveat emptor) in the interest of fair dealing, it has not abrogated the rule so as to relieve the purchaser of all liability for a failure to observe conditions as much within his reach as that of the seller."

The case of *Forrester v. Jastad, supra,* is not controlling because while the vendor represented that there was a designated number of acres of cleared land, when in fact there were several acres less than that amount, we held that the representations were nothing more than an estimate or an opinion and were not made as statements of a positive fact upon which the purchaser was entitled to rely.

The case of *Hegberg v. Tripp, supra,* is identical with the case at bar in many of its facts, but there the abstract which was furnished to the purchaser contained a plat which showed the exact amount of the acreage which was agreed to be conveyed. The court did not discuss the case very much, holding that it was controlled by *Conta v. Corgiat, supra.*

Nor is the case of *Hurley v. Lindsay, supra,* controlling of this case. There the vendor represented that the tract of land being shown to the vendee contained twenty acres, when in fact there were several acres less. The vendee had fully examined the land and its boundaries were correctly pointed out to him. But the deed, after describing the land, concluded with the words "twenty acres more or less," and we held that the purchaser was not misled to his injury by the representation that the tract contained twenty acres.

In the case of *Wooddy v. Benton Water Co., supra,* cited by the respondents, we held that the doctrine of *caveat emptor* does not apply where the vendee examined the land and the vendor represented to him

that there were sixty acres, when in fact there was a less number. That case does not decide this one, because the land being sold was supposed to be sixty acres out of a larger tract. However, we did say that "the respondents (vendors) agreed to convey sixty acres of land; they breached their contract and the appellants are entitled to recover damages for the breach, regardless of oral representations made at the time of the sale."

In the case of *Best v. Offield, supra,* cited by respondents, we held that the purchasers of an orchard, who had made a personal examination, were entitled to rescind where the vendor represented that it contained seventy acres, when, as a matter of fact, it contained a materially less number of acres and it appeared that the area was difficult of determination except by survey.

In the case of *Hanson v. Tompkins, supra,* we allowed the plaintiff to recover where the representations were that there were thirty-six and one-half acres, when an actual survey after the purchase showed only twenty-six and one-half acres.

In the case of *Van Horn v. O'Connor,* 42 Wash. 513, 85 Pac. 260, the facts were very similar to those here, but we found, because of certain additional testimony, that the representations as to the quantity of land was an expression of opinion and not a statement of fact, and that the purchaser was not justified in relying upon such opinion.

In *George v. Kurdy,* 92 Wash. 277, 158 Pac. 965, the vendor represented to the vendee that one hundred acres out of a total of three hundred and twenty acres were susceptible to cultivation. The land was irregular in shape, with brush upon it, and the amount of land susceptible to cultivation could not be determined ex-

cept by a scientific survey, and we permitted the vendee to recover because the amount susceptible to cultivation was materially less than as represented.

In *Glasgow v. Brecht,* 117 Wash. 245, 200 Pac. 1089, the vendor represented that there were two hundred acres under cultivation in a farm consisting of two hundred and sixty acres. After the vendee had purchased, a survey showed that only one hundred and forty acres of land were in cultivation. We held that the vendee might recover, citing and relying upon *George v. Kurdy, supra,* and said:

"Under the doctrine of that case, if the respondents could not have readily ascertained the falsity of the representation as to the land in cultivation, they were justified in relying upon the statements made to them. In the present case the evidence shows the land was irregular in shape, could not all be seen at one time from any elevated point, and that the number of acres under cultivation could not be readily ascertained except by means of a scientific survey."

Our latest case on this subject is that of *McKay v. Peterson,* 122 Wash. 550, 211 Pac. 716. There the landowner represented that his tract contained sixteen acres cleared or under cultivation. A survey made after the purchase showed that there were something less than ten acres of cleared and cultivated land. The land was rolling and could be easily observed by walking over it somewhat. We denied recovery to the purchaser, saying:

"There was nothing in the situation which would tend to prevent one so desiring from satisfying himself, either by estimating the extent of the area, or, if unwilling to trust his judgment of distances, by stepping them off, as respondent McKay says he afterwards did, and thereby first learned that he had been deceived. McKay was a man of experience, had been

raised on a farm, and later had cleared and farmed a tract of land in British Columbia, so that, notwith-. standing some irregularities, and even conceding the most that any witness testified as to its roughness, it seems incredible that he could have mistaken 9.86 acres for 16 acres.''

This case is clearly distinguishable from the one at bar because there was a discrepancy which amounted to more than six acres out of sixteen, and it could well be said that no man with such experience as the purchaser in that case had could be deceived by the representations made. Here the discrepancy was not one-half as great as in that case, and there is nothing to show that the respondents here were farmers or experienced in estimating the number of acres in a given tract of land.

Expressions may be found in these and other of our cases which, if read alone, might tend to indicate that we intended to hold that, where the land is carefully examined by the vendee and its boundaries pointed out to him, he would not have any right of recovery as a result of the tract purchased containing less acreage than the seller represented. But, as pointed out, each of those cases contained facts materially different from those involved here.

In all cases like this, experience of the purchaser is an important factor. One of unusual experience and ability in estimating the amount of acreage in a given tract of land would likely have been able, after a careful examination, to determine for himself that the tract here involved did not contain twenty acres, and consequently would not have been justified in relying on the representations here made. On the other hand, it is manifest that one of less or ordinary experience in those directions would have been wholly unable to test the truth or falsity of such representations without

having the land surveyed. It will not do to say that a purchaser may not rely on the representations of the seller simply because he made a careful personal examination of the land within fixed and known boundaries.

In this case there is no showing that the respondents had any experience in farming or in estimating the number of acres in a specified tract of land. While they examined the land before they bought, they did not walk over its outside lines or do anything in an effort to determine the number of acres they were buying. In the absence of a showing to the contrary, we must assume that respondents had only the experience of the average man. Under these circumstances, however careful an examination they might have made of the land by viewing it and walking over it they could not determine the number of acres it contained. The appellants had owned the land for a good many years; respondents had never seen it before. The mere pointing out to them of the fence surrounding the land could not inform them of the number of acres contained in the tract. It was very material to them whether they obtained seventeen acres or twenty acres. Under these circumstances, it cannot be said that the parties were on an equal footing. It cannot be said that the respondents, by exercising reasonable care and caution, could have tested the truth of the representations made by the appellants. Only a scientific survey would have accomplished this. To have had a survey would have been an extraordinary precaution which the law does not require.

It is our view that, where the owner has shown his land to a prospective purchaser and has pointed out the boundaries of it, and has represented that there is a definite number of acres within those boundaries,

and the acreage could be determined only by a survey, and the purchaser relies upon such representations, he is entitled to recover damages on account of any material shortage which may exist, notwithstanding he has made a detailed examination, providing the shortage is not so glaring and palpable as to warn even the inexperienced purchaser.

Such seems to be the holding of a majority of the courts and authorities. In 12 R. C. L., page 385, it is said:

"Most courts hold that false representations as to the area of land are actionable even though the true boundaries are pointed out."

In *Lovejoy v. Isbell*, 73 Conn. 368, 47 Atl. 682, the court said:

"If a positive representation of fact as to the quantity of land is made by the vendor to the vendee, such vendee is under no obligation to make a survey to discover the quantity, or to examine the records or to make further inquiry in regard to it. He is entitled to rely upon it, even if he has opportunity to see the land and does casually take a look at it."

In *Quarg v. Scher*, 136 Cal. 406, 69 Pac. 96, the court said:

"The acreage of land is a thing that cannot be seen with the eye at a glance, but can only be ascertained with accuracy by scientific measurement, and when a vendor states to a vendee the amount of land in the tract which is the subject of the sale, such vendor will not thereafter be heard to say in a court of equity, that the vendee had no right to believe him."

In *Starkweather v. Benjamin*, 32 Mich. 305, it is said:

"It cannot be generally true that persons can judge of the contents of a parcel of land by the eye. When any approach to accuracy is needed, there must be measurement. When a positive assurance of the area

of a parcel of land is made by the vendor to the vendee, with the design of making the vendee believe it, that assurance is very material, and equivalent to an assurance of measurement.''

See, also, to the same effect: *Judd v. Walker,* 114 Mo. App. 128, 89 S. W. 558; *Whittaker v. Miller,* 188 Mo. App. 412, 174 S. W. 115; *Torbitt v. Hayes,* 196 S. W. (Mo. App.) 788; *Cawston v. Sturgis,* 29 Ore. 331, 43 Pac. 656; *Purdy v. Underwood,* 87 Ore. 56, 169 Pac. 536; *Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496; *Eichelberger v. Mills Land & Water Co.,* 9 Cal. App. 628, 100 Pac. 117; *Rich v. Scales,* 116 Tenn. 57, 91 S. W. 50; *Westra v. Roberts,* 156 Wis. 230, 145 N. W. 773.

But the appellants contend that the statements alleged to have been made by them concerning the area of the tract sold were nothing more than estimates or expressions of opinion or description or identification of their land. We are not of this view. The substance of this testimony is that the appellants represented to respondents, as an inducement to them to purchase, that the amount of land within the enclosures pointed out was twenty acres. This was an expression of a material fact, made for the purpose of inducing a purchase, and which was relied on by the respondents.

It is also contended that the action is barred by our statute of limitations, which provides that an action for relief upon the ground of fraud must be brought within three years after the cause of action accrues, but providing that the action shall not accrue until the fraud is discovered by the aggrieved party. Section 159 Rem. Comp. Stat. [P. C. § 8166]. Appellants' argument is that the cause of action must be considered as having accrued when, under all the circumstances, the fraud, by the exercise of ordinary diligence, should

have been discovered. If appellants' construction of the statute should be accepted as correct it will not avail them. While respondents actually lived upon the land a good many months prior to three years before the commencement of the action, yet there was no way whereby they could know that there were less than twenty acres except by an actual survey, and this was not made until long afterwards and well within the three-year period.

Appellants also argue that the judgment is excessive. We do not think so. The amount awarded is easily within what appears to be the weight of the testimony.

What we have already said will dispose of certain other contentions of appellants and which need not here be particularly mentioned.

Another feature of the case, however, should receive attention. The deed given by the appellants included certain land which they did not own and which was not within the fenced boundaries pointed out to the respondents at the time they purchased. The deed not only conveyed all the lands within the enclosures, but two narrow strips in addition thereto. If the deed be reformed as asked for by appellants, the respondents will obtain the identical land which was shown them and which they wanted to buy and appellants intended to sell. There was no intention to deed the two strips of land which are colored on the plat introduced in evidence, and respondents did not purchase, nor expect to receive, these two strips. They in part make up the shortage which we have been discussing and on account of which respondents have received relief. The lower court should have reformed the deed according to the views we have hereinabove expressed.

The judgment for damages is affirmed, but the cause is remanded to the trial court with directions to re-

form the deed in the manner we have indicated. Neither party will recover costs of the other.

MAIN, C. J., MACKINTOSH, and HOLCOMB, JJ., concur.