WILLIAM T. JACKSON v. ARTHUR B. ARMSTRONG.

*Fraud in a land trade—Recoupment—Damages—Values.*

One who obtains land in a trade and before doing so goes upon and looks at it has nevertheless a right to show that he was misled by the representations of the other party, if they related to matters of which no one could adequately judge on a casual inspection; such as the capability of the land for drainage and the reason why water was standing. The fact of fraud in such representations is for the jury.

The vendor's false representation as to the rate of interest on a mortgage subject to which he sells, is material in an action based on fraud in the transfer.

The measure of damages in an action for fraud in a land trade is the difference between the real values of what is received and of what would have been received if no fraud had been committed. It is not determined by the scale of prices fixed upon for the purpose of making the trade.

Where one party to an exchange of lands sues the other for fraud, the latter can claim recoupment on the ground that he too was defrauded by the false representations of the plaintiff as to the quality of the land which plaintiff gave in exchange, on his side; and in such case the value of plaintiff's land becomes material.

In an action for fraud in selling land by falsely representing its value, *it seems* that defendant may put in evidence an offer, previously made in good faith by a neighbor, to give a specific sum for the land.

Error to Genesee.   (Stickney, J.)   Jan. 10.—Jan. 18.

CASE.   Defendant brings error.   Reversed.

*Long & Gold* and *Geer & Williams* for appellant.   The maxim *caveat emptor* does not apply where the representations made would render the estate different in substance from what the purchaser was justified in believing it to be: Kerr on Fraud 103; *Wright v. Wright* 37 Mich. 56; *Starkweather v Benjamin* 32 Mich. 306; *Baughman v. Gould* 45 Mich. 482; in an action by the vendee of real estate against the vendor for damages sustained by reason of false

and fraudulent representations made in the contract of sale, evidence is admissible that the consideration therefor was paid by the grantee in other lands, and to show the actual value of such lands, for the purpose of enabling the jury to ascertain the rule of damages: *Likes v. Baer* 10 Ia. 89; the measure of damages, if there was no fraud on the part of the plaintiff, or if the fraud of the plaintiff was properly excluded from the jury, is the difference between the actual value of the land given in exchange and what its value would have been if it had been as represented: *Rawley v. Woodruff* 2 Lans. 420; *Muller v. Eno* 14 N. Y. 597; *Bradley v. Bosley* 1 Barb. Ch. 125; *Chapman v. Dease* 39 Mich. 333.

*Howard & Thayer* for appellee. Any statements of a vendor as to the value of his property, or that he has been offered so much for it, or any expression of opinion that it can be drained, come directly under the rule of *caveat emptor* as applied to the sale of real estate: *Medbury v. Watson* 6 Met. 259; *Hemmer v. Cooper* 8 Allen 334; *Gordon v. Parmelee* 2 id. 212; *Mooney v. Miller* 102 Mass. 217; *Brown v. Castles* 11 Cush. 348; *People v. Jacobs* 35 Mich. 36; *Ellis v. Andrews* 56 N. Y. 83; *Van Epps v. Harrison* 5 Hill 63; *Morrison v. Koch* 32 Wis. 254; *Curry v. Keyser* 30 Ind. 214; *Allen v. Hart* 72 Ill. 104; *Anderson v. Hill* 12 Sm. & M. 679; *Banta v. Palmer* 47 Ill. 99; *Longshore v. Jack* 30 Ia. 298; *Bondurant v. Crawford* 22 Ia. 40; when a vendor undertakes to tell facts to one expressly trusting to his statement, he must be as truthful as to the value as in any other representation: *Picard v. McCormick* 11 Mich. 68; *Swimm v. Bush* 23 Mich. 99; Story on Sales §§ 380, 381, 169; Story's Eq. Jur. §§ 192, 208; 2 Kent's Com. 485, 487; representations by a vendor as to the value of land at a distance by one claiming personal knowledge are not mere matter of opinion, where the purchaser has no knowledge of the property except what he derives from the vendor: *Nowlin v. Snow* 40 Mich. 699; *Phillips v. Jones* (Neb.) Northwestern Rep. Dec. 24, 1881,

p. 708; *Spalding v. Hedges* 2 Penn. St. 240; *Smith v. Richards* 13 Pet. 26, 42; *Bean v. Herrick* 12 Me. 262; *Babcock v. Case* 62 Penn. St. 427; *Miner v. Medbury* 6 Wis. 295; *Hill v. Brower* 76 N. C. 124; the measure of damages is the same in an action for a deceit in a sale, as in an action for breach of warranty on a sale: *Stiles v. White* 11 Met. 356; and is the difference between the value of the property as it actually was, and as it was represented: *Page v. Wells* 37 Mich. 421; *Jackson v. Collins* 39 Mich. 562; *Voorhees v. Earl* 2 Hill 288; *Hubbell v. Meigs* 50 N. Y. 480; Hilliard on Torts 610.

GRAVES, C. J. In June, 1880, the parties exchanged farms, Jackson granting one in Livingston county in this State, and Armstrong one near Fort Scott in the State of Kansas. The trade proceeded on an estimate of the value of the respective properties. The Kansas land was placed at $1600 and the farm in Livingston at $2800. But the latter was incumbered by a mortgage which was computed at $1326, and in order to reduce it to $1200 Jackson paid Armstrong $126 and then deeded the equity of redemption in exchange for the Kansas property. Jackson had not seen the Kansas land, but he subsequently went there and remained over a year and on his return he brought this action to recover damages for alleged fraudulent representations by Armstrong in regard to it. The defendant gave notice with his plea that he would give in evidence certain fraudulent representations made by the plaintiff concerning the Livingston farm on occasion of the trade and would recoup the damages chargeable thereto.

The plaintiff obtained a verdict and the defendant has alleged error.

First. On the day the bargain was made the defendant went on to the Jackson farm in Livingston and made some personal examination of it. A considerable portion of it was low and marshy. The defendant claimed that the plaintiff falsely represented to him that the low ground could all be drained and the most of it made tillable, and

the rest fitted for pasturage; that the water was then high because the season had been wet, and that the farm was a very valuable one; that one Chamberlain, a neighbor, had shortly before offered $2200 for the place, and that the mortgage on it was drawing only eight and not ten per cent. interest.

Evidence to prove these representations and that they were not true was offered and excluded by the court. Although the judge intimated some other reasons, the substantial ground of the ruling seems to have been that as the defendant had a view of the premises he was bound to rely on the testimony of his eyes.

The principle was misapplied. Unless the record is very misleading the practicability of relieving the land as mentioned by means of artificial drains was not necessarily apparent on a mere view, and it may be a question whether it was ascertainable without the aid of an instrumental investigation; and whether the high water which was visible was wholly due to the rainy character of the season, or partly to that cause and partly or chiefly to permanent conditions near or remote, might not be adequately judged of on a single cursory overlook of the farm by one not acquainted with the surrounding state of things.

Bearing in mind the quality of the facts and the character of the inquiry it was certainly not a question of law whether the truth was discoverable by the defendant by being on the farm, and the trial judge was not at liberty to rule on the subject as though it was. The facts should have gone to the jury under proper instructions as to whether there was fraud or not. The circumstance that the defendant was on the farm would not be sufficient to cut him off from making proof of any fraudulent representations, which his being there would not enable him to impeach. The right to show that the interest then carried by the mortgage was fraudulently misrepresented to him is very clear. The farm was received subject to the mortgage and it was very material to know the true rate of interest.

Second. The circuit judge held that the scale of prices

which the parties recognized for the purpose of working out the exchange was to be regarded by the jury as furnishing the true value on the question of damages. We think this was error. Had the respective properties answered the recommendations, each party would have been entitled to the benefit of his bargain, but to nothing more. Neither would have been better or worse on account of any fictitious valuation. Each party would have got what the property received by him was actually worth, whether more or less than the value assigned to it for the mere practical purpose of executing the trade, and neither would have got anything else. The right to damages was not to be measured by speculative values. The loss, if any, was between the real value of what was received and the real value of what would have been received in case no fraud had /been committed. The true rule is stated in *Page v. Wells* 37 Mich. 415.

Third. The claim made by the defendant that he was defrauded by false representations of the plaintiff about the quality of the farm in Livingston presented proper matter of defense. *Chandler v. Childs* 42 Mich. 128. The end aimed at and to which the offer of evidence was directed was to satisfy the jury that this farm so received in exchange for the land in Kansas was of less actual value than it would have borne in case it had been as the plaintiff represented it. The real value was hence directly involved and evidence of such value should have been allowed.

*Snow v. Nowlin* 43 Mich. 383 is not applicable. There the only issue was on the fraud alleged against the defendant, and the consideration given by the plaintiff was deemed not material. No fraud was charged against the plaintiff in putting off his land in exchange, and therefore the value of his land was not considered as in question. Here the defense is in the nature of a cross-action and the value seems to be directly in issue.

The validity of defendant's offer to prove that the plaintiff falsely represented that one Chamberlain had proposed to give him $2200 for the farm is not entirely clear.

But as the representation was of a fact, and of a fact going to show that a person in the immediate neighborhood and presumably familiar with the capabilities of the farm and of the general circumstances bearing on its value had recently sought to buy it for so considerable a sum, I am inclined to think it was admissible. Such a proposal, if in good faith, would be regarded with reason as something not remotely analogous to an honest appraisal, and according to all business experience it would usually be received as a circumstance of some weight.

The record presents no point worthy of consideration which is not covered.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.