Argued December 11, 1895; decided February 3, 1896; rehearing denied.

## CAWSTON *v.* STURGIS.

[43 Pac. 656.]

29  331
a36   78

29  331.
43  627
29  331
46  156

1. FRAUDULENT MISREPRESENTATIONS.— Mere knowledge of the boundaries of a tract by a purchaser, does not charge him with knowledge of its area so as to relieve the vendor from responsibility for his fraudulent representations in reference thereto, where the tract was irregular and the area could be determined only by actual measurement by a skilled person; if the vendor falsely and fraudulently makes material misrepresentations he must abide the consequences.

2. FRAUD — RECKLESS STATEMENTS.— Misrepresentations of material matters recklessly made as of one's own knowledge, without in fact knowing whether they are true or not, render the maker liable to one who relies and acts thereon to his injury: *Rolfes* v. *Russell*, 5 Or. 400, distinguished.

3. MEASURE OF DAMAGES FOR FRAUDULENT MISREPRESENTATIONS.— In an action against a grantor for fraudulent representations as to the area of the land conveyed, the measure of damages is not the difference in value between the land as it actually existed and the consideration paid therefor, but the grantee may recover such a proportion of the purchase price as the deficiency bears to the represented area; in other words, the measure of damages is the amount paid for the deficiency, irrespective of the real value of the tract actually conveyed.

From Multnomah: E. D. SHATTUCK, Judge.

This is an action to recover damages. On the sixteenth of July, eighteen hundred and ninety-one, the plaintiff Sidney Crawston purchased of the defendant Ira B. Sturgis a tract of land in Raven's View Addition to Portland, known and designated on the plat as lot number five, for the sum of five thousand dollars. His cause of action, as stated in the complaint, is, in substance: That for the purpose of cheating, defrauding, and deceiving him, and inducing him to buy said land, the defendant falsely and fraudulently represented that it contained an

area equal to two and one half lots fifty by one
hundred feet each; that he had had it measured
and computed by a skilful surveyor and engineer;
that said representations were known to the defend-
ant to be false and fraudulent, and were made for
the purpose of deceiving the plaintiff, and plaintiff
relied thereon; that owing to the irregular shape of
the land plaintiff was unable to calculate its area,
but relied solely on the representations of the de-
fendant in making the purchase and paying the
consideration; that the said lot did not contain the
area as represented, or any greater area than two
lots fifty by one hundred feet; and by reason of
said false and fraudulent representations plaintiff
claims to be damaged in the sum of one thousand
dollars. The plaintiff also claims damages in a like
sum for the failure of defendant to construct and
grade the street about said lot five. The answer de-
nies the allegations of the complaint, and upon the
issues thus joined a trial was had, which resulted in
a verdict and judgment in favor of plaintiff for the
sum of nine hundred and ninty-five dollars on the
first cause of action, and one dollar on the second.

AFFIRMED.

Opinion by MR. CHIEF JUSTICE BEAN.

1. Inasmuch as the recovery was entirely on the
first cause of action the only questions material to
be considered relate to that branch of the case. The
evidence given at the trial tended to show that dur-
ing the negotiations for the sale of the land the de-

fendant represented and stated to plaintiff that it contained an area equal to two and one half lots fifty by one hundred feet in size; that Brown, the engineer who had laid out the addition for him, had computed the area of the lot, and that he had a memorandum of the estimate made by Brown; that plaintiff saw the property at two different times before he made the purchase, and saw four stakes which were set to mark its boundaries, but that it was of such an unusual and irregular shape its contents could only be estimated by a person skilled in such matters; that plaintiff made no effort to ascertain its contents or the truth of defendant's representations, although the defendant told him where Brown resided; that these representations were false, and that Brown had never estimated the area of the lot for plaintiff, or told him it contained two lots and a half; and that in truth and in fact it contained only twelve square feet over two lots. Upon this state of the evidence the defendant contends that because plaintiff examined the land prior to his purchase the means of ascertaining its quantity was as available to him as to the defendant, and, having failed to measure it or cause it to be measured, he cannot now be heard to say that he relied upon the defendant's representations, and was thereby deceived. But we think this contention is without merit. The land is of a peculiar and irregular shape, and, although plaintiff saw it before purchasing, it is manifest that without an actual measurement by one skilled in such matters he could not tell or even form a reasonable estimate

as to its supposed area. The plaintiff, therefore, had a right to rely upon defendant's positive statement that he had the area of the lot calculated, and that it equaled two and one half lots fifty by one hundred feet each, and was not bound to measure or cause it to be measured for himself. To turn him out of court under such circumstances, because he did not go to the trouble and expense of having the area of the land ascertained by actual measurement, but chose to rely upon defendant's representations, would be offering a premium upon fraud and deceit. Mere knowledge of the boundaries did not charge him with knowledge of its area, so as to relieve the defendant from responsibility for his false and fraudulent representations in reference thereto: *Estes* v. *Odom,* 91 Ga. 600 (18 S. E. 355); *Speed* v. *Hollingsworth,* 54 Kan. 436 (38 Pac. 496); *Lynch* v. *Mercantile Trust Company,* 18 Fed. 486; *Antle* v. *Sexton,* 137 Ill. 410 (27 N. E. 691); *Jackson* v. *Armstrong,* 50 Mich. 65 (14 N. W. 702); *Sears* v. *Stinson,* 3 Wash. 615 (29 Pac. 205); *Ledbetter* v. *Davis,* 121 Ind. 119 (22 N. E. 744).

2. It is next claimed that it does not appear from the evidence that the representations of defendant were made with an intent to deceive the plaintiff, or that he relied upon them in making the purchase. A sufficient answer to this position is that the jury found against the defendant on both these contentions. As all the evidence is not in the record, we must assume that such findings are supported by the testimony. And, beside, as Mr. Kerr

says, "There is fraud in law, if a man makes a
representation which he knows to be false, or does
not honestly believe to be true, with a view to in-
duce another to act on the faith, who does so ac-
cordingly, and by so doing sustains damage, al-
though he may have had no dishonest purpose in
making the representation": Kerr on Fraud, 55.
The court, after instructing the jury that to enti-
tle plaintiff to recover it must, among other things,
appear that defendant knew the representations were
false when he made them, proceeded to say: "There
is a modification of that doctrine to this extent,
when a party undertakes to make representations
concerning a matter that he is bargaining about
with another, he must know what he represents to
be true, if he knows that the other party is re-
lying upon his statements. He is held equally re-
sponsible whether he actually knew that the rep-
resentations were false, or whether he negligently
made representations without knowing whether they
were true or false. A party may be charged with
a fraud by making representations to another which
that other relies upon, and he knows that the
other is relying upon them, without knowing
whether they are true or not. In such case he is
responsible for the damages resulting from the false
representations as much as if he knew they were
not true when he made them." This instruction
substantially states the law as we understand it. An
action of deceit will lie against one who makes a
false representation of a material fact upon which
another acts to his injury, knowing it to be false,

or when he makes it recklessly as of his own knowledge, without knowing whether it is true or not; and this is in effect the rule laid down by the trial court: Kerr on Fraud, 54; *Hamlin* v. *Abell,* 110 Mo. 188 ( 25 S. W. 516); *Leavitt* v. *Sizer,* 35 Neb. 85 ( 52 N. W. 832); *Chatham Furnace Company* v. *Moffatt,* 147 Mass. 403 ( 9 Am. St. Rep. 727, 18 N. E. 168 ); *Holcomb* v. *Noble,* 69 Mich. 396 ( 37 N. W. 497); *Busterud* v. *Farrington,* 36 Minn. 320 ( 31 N. W. 360); *Burns* v. *Dockray,* 156 Mass. 135 ( 30 N. E. 551); *Cooper* v. *Schlesinger,* 111 U. S. 148 ( 4 Sup. Ct. 360 ); *United States* v. *Camp,* 2 Idaho, 215 ( 10 Pac. 227 ). Nor do we think there is anything in *Rolfes* v. *Russell,* 5 Or. 400, in conflict with this view; when the opinion is read in the light of the facts upon which it is based, and the question actually before the court at the time.

3.   The court instructed the jury that the measure of damages in this case is "Such a proportion of the five thousand dollars that has been paid as equals the deficiency in the land, assuming the different portions of the land are of equal value, and there is a deficiency in the tract, and not two lots and a half,— you having found what I have already ˙suggested is necessary to find,— then the defendant is chargeable with that deficiency, and the value of the land proportional to the price paid for the whole, the value of the land required to make up the amount represented." The giving of this instruction is assigned. as error. The contention for the defendant is that the measure of dam-

ages is the difference, if any, between the value of lot five as it actually existed and what plaintiff paid for it; and, in accordance with this view, he offered to show that the tract was actually worth the purchase price, although not as large as represented by the defendant. But, according to the verdict of the jury, the plaintiff paid for and supposed he was buying land equal in area to two lots and a half, when in truth and in fact he actually received land in area equal to little over two lots; and if, by the fraud of the defendant, he was deceived and paid for more than he actually received, it seems to us the minimum recovery should be the amount paid for the deficiency, irrespective of the actual value of the true tract. This rule enables a vendee who, relying upon the false and fraudulent representations of his vendor as to the quantity of land purchased, pays for land he does not receive, to recover in an action for damages the amount of money paid on account of such fraud. It works substantial justice, and is amply supported by authority: *Estes* v. *Odom,* 91 Ga. 600 (18 S. E. 355); *Smith* v. *Kirkpatrick,* 79 Ga. 410 (7 S. E. 258); *Tyler* v. *Anderson,* 106 Ind. 185 (6 N. E. 600); *Parker* v. *Walker,* 12 Rich. (S. C. Law), 138; *Flint* v. *Lewis,* 61 Ill. 299; *Hallam* v. *Todhunter,* 24 Iowa, 166; *Sears* v. *Stinson,* 3 Wash. 615 (29 Pac. 205). This disposes of all errors relied upon for the reversal of the judgment and it is therefore affirmed.

AFFIRMED.