Argued March 8, affirmed April 10, rehearing denied May 23, 1928.

## J. EDWARD HUNT *v.* LILA RING ET AL.

### (265 Pac. 1094.)

**Brokers—In Purchaser's Action for Fraud as to Size of Lot, Denial of Defendant Broker's Motion for Directed Verdict Held Proper.**

1. In action by purchaser of a lot against seller and agent for fraudulent representations as to size of lot, denial of defendant broker's motion for a directed verdict was proper on plaintiff's showing that defendant broker made positive statements that lot was 69 by 100 feet in size when, as a matter of fact, it was a great deal smaller.

**Brokers—Complaint Held Sufficiently to State Cause of Action for Broker's Fraud, Relative to Size, in Sale of Lot.**

2. Complaint *held* sufficiently to state cause of action for real estate broker's fraud in sale of lot, relative to size.

---

Appeal and Error, 3 C. J., p. 771, n. 39; 4 C. J., p. 528, n. 39. Fraud, 26 C. J., p. 1200, n. 7; 27 C. J., p. 36, n. 39. Trial, 38 Cyc., p. 1552, n. 65.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

On November 28, 1925, plaintiff brought an action for damages against Frank L. McGuire, a real estate broker of Portland, Oregon, and one Lila Ring, alleging, among other things, that on July 5, 1925, defendant Lila Ring was the owner of that certain house and lot situate at 465 Roselawn Avenue, Portland, and that she had employed defendant McGuire as her agent for the purpose of disposing of that property; that the real estate agent, while acting for his co-defendant in attempting to effect a sale, represented to plaintiff that the lot in question was 69 by 100 feet in size, and that the plaintiff, relying upon such representations as to the size of the lot, pur-

---

1. Fraudulent representations of area by vendor to purchaser where true boundaries are pointed out, see note in 16 Ann. Cas. 502; 23 L. R. A. (N. S.) 487. See, also, 12 R. C. L. 385.

chased the property; that thereafter plaintiff discovered that the lot was not 69 by 100 feet, but that it was 60 by 62.78 feet in size, and that the defendants, and each of them, had knowingly, falsely and fraudulently, with intent to cheat and defraud the plaintiff, represented and pretended to him that the size of the lot was 69 by 100 feet. Plaintiff alleges that, by virtue of the misrepresentations of the defendants, he was damaged in the amount of $1,200, being the difference in value between the lot actually transferred to him and a lot in that location of the size of 69 by 100 feet, and that he was damaged in the further sum of $300 by causing lumber to be delivered upon the premises.

Defendant McGuire pleads the listing of the property with him for sale by Lila Ring as of 69 by 100 feet, and alleges that he had no knowledge as to the size and dimensions of the lot. He avers that the plaintiff became interested in buying the contract of purchase of this property then existing between Lila Ring, his co-defendant, and one Willis H. Moxon. He further avers:

"That a salesman * * accompanied the plaintiff to examine said premises, and that said salesman and plaintiff stated after seeing the property that it did not appear as large as set forth in the listing contract; that the plaintiff at that time stepped off the ground and ascertained that said premises were not as large as described in said listing contract, and that the salesman of this defendant freely admitted and agreed with the plaintiff that the ground was not as large as set forth in said listing contract; * * that the salesman of the agent * * did everything possible to show said property to the plaintiff and reserved no information that he had in regard to the same, and that said plaintiff made a full investigation thereof, and with a full knowledge of the deficiency in

the size of said lot accepted the same and stated that he was satisfied."

The plaintiff denied the new matter alleged in the answer.

Upon the trial the jury returned one verdict in favor of defendant Lila Ring and another in favor of the plaintiff and against defendant Frank L. McGuire in the amount of $626.64. From the judgment rendered upon that verdict, defendant McGuire appeals, alleging error of the court in not sustaining his demurrer to the complaint for the reason that the complaint failed to set forth the necessary facts in regard to damages, and that it showed upon its face that the plaintiff made a personal examination of the property and could not have relied upon the alleged misrepresentations of defendant's salesman.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Wm. A. Munly.*

For respondent there was a brief and oral argument by *Mr. F. M. Phelps.*

BROWN, J.—Defendant bases his appeal upon the refusal of the trial court to grant his motion for a directed verdict. The motion reads:

"I will also introduce a motion for a directed verdict on the ground that there is no evidence sufficient to permit this case to go to the jury, no evidence of proper damage to go to the jury, and that the complaint does not state facts sufficient to constitute a cause of action."

1. This presses upon our attention two questions, i. e., the sufficiency of the complaint, and the evidence

of damages. If the facts set forth by the complaint are true, these facts were sufficient to show that the plaintiff sustained damages. Moreover, the complaint is full in its averments that the plaintiff relied upon the representations made by the real estate agent in reference to the area of the lot: *Cawston* v. *Sturgis,* 29 Or. 331 (43 Pac. 656); *Lichtenthaler* v. *Clow,* 109 Or. 381 (220 Pac. 567); *Crouch* v. *Butler,* 119 Or. 344 (248 Pac. 849).

The defendant also asks for a directed verdict on grounds not specified in his motion. The rule is well settled that a motion for a nonsuit must specify the ground therefor, and, unless it does so, this court will not review the action of the Circuit Court in denying the motion. See *Ferguson* v. *Ingle,* 38 Or. 43 (62 Pac. 760). Again, in the case of *Caldwell Banking & Trust Co.* v. *Porter,* 52 Or. 318 (95 Pac. 1, 97 Pac. 541), it was held that the grounds stated in a motion for nonsuit are conclusive on the moving party, and that he cannot raise for the first time on appeal a ground not stated in his motion filed in the court below. On this subject, 6 Ency. of Plead. & Prac. 699, says:

"The motion to direct a verdict * * should specify the particular ground or grounds which justify it."

But we shall not dispose of this case upon the ground of the failure to specify the additional grounds upon which the motion is based. If the undisputed testimony had shown the facts to be as alleged in the appellant's answer, we should have followed the holding of this court in *Linebaugh* v. *Portland Mortgage Co.,* 116 Or. 1 (239 Pac. 196), where Mr. Justice BELT, speaking for the court, said:

"The rule is thus announced by the United States Supreme Court in *Shappirio* v. *Goldberg,* 192 U. S. 232 (48 L. Ed. 419, 24 Sup. Ct. Rep. 259):

" 'When the means of knowledge are open and at hand or furnished to the purchaser or his agent and no effort is made to prevent the party from using them, and especially where the purchaser undertakes examination for himself, he will not be heard to say that he has been deceived to his injury by the misrepresentations of the vendor.' "

See, also, *Ziegler* v. *Stinson,* 111 Or. 243 (224 Pac. 641).

In the Shappirio case, one Richold, a broker engaged in business in the City of Washington, was entrusted by the plaintiff with the examination of the deed and title, and for that purpose as the plaintiff's agent he undertook to investigate and report upon the title. If the plaintiff in the case at bar has told the truth, the facts in that case were widely different from the facts in the case before us; and, for the purpose of the motion, we must accept the testimony of the plaintiff as true. With respect to the representations of the realty agent, he testified:

"He assured me beyond all question that there was 100-foot frontage by 69 feet deep, and I told him then, 'Well,' I says, 'If it is, why, we will take the place. If not, I don't want the place.' 'Well,' he says, 'I will guarantee that there is 100-foot frontage by 69 feet deep.' * * He told Mrs. Ring that I was about to buy the place, but that I wanted to be assured that there was 100 by 69 feet. Mrs. Ring says, 'Why, certainly, there is 100 by 69 feet'; and I says, 'Very well, I will take the place.' 'Now,' I says, 'You write up a receipt,' and I says, 'We will pay you the money tomorrow.' "

The receipt reads, in part:

"Received from J. Edward Hunt \* \* the sum of $250, as part payment on his agreement to purchase from Frank L. McGuire, agent for owner, the following real property: House and lot known as 465 Roselawn Avenue, size of lot 100 by 69, at the agreed price of $4,000.

"(Signed) Frank L. McGuire, Agent,
"By Charles C. Marlowe, Salesman."

The plaintiff testified emphatically that he made no measurement of the area of the lot and no examination thereof; that he did examine the house, but that he relied wholly upon the statement of the real estate agent as to the size of the lot. He likewise denied that he examined an abstract showing title or the area of the lot.

This is not a case wherein the vendor's agent merely made an estimate as to the area of the lot. On the contrary, the agent stated as a positive fact, orally and in writing, that the lot was 100 by 69 feet. In 12 R. C. L., page 385, it is written:

"Most courts hold that false representations as to the area of land are actionable."

In this connection, see the case of *Lovejoy* v. *Isbell*, 73 Conn. 368 (47 Atl. 682), where the court said:

"If a positive representation of fact as to the quantity of land is made by the vendor to the vendee, such vendee is under no obligation to make a survey to test the quantity, or to examine the records, or to make further inquiry in regard to it. He is entitled to rely upon it, even if he has opportunity to see the land, and does casually take a look at it."

Again, in the recent case of *Rackham* v. *Koch*, 125 Wash. 451 (216 Pac. 835), the court cited with approval the case of *Starkweather* v. *Benjamin*, 32 Mich. 305, where it was held:

"It cannot be generally true that persons can judge of the contents of a parcel of land by the eye. When any approach to accuracy is needed, there must be measurement. When a positive assurance of the area of a parcel of land is made by the vendor to the vendee, with the design of making the vendee believe it, that assurance is very material and equivalent to an assurance of measurement."

Among the numerous cases cited to like effect by the Washington court are *Cawston* v. *Sturgis,* 29 Or. 331 (43 Pac. 656), and *Purdy* v. *Underwood,* 87 Or. 56 (169 Pac. 536). See, also, *J. C. Corbin Co.* v. *Preston,* 109 Or. 230 (212 Pac. 541, 218 Pac. 917), and the collection of cases there cited.

2. Three questions were submitted to the jury and answered by it in a special verdict, wherein it was found that the real estate agent falsely represented to the plaintiff the size of the property exhibited to and purchased by him; that plaintiff was induced to make the purchase solely by such false representations; and that such false representations were knowingly made by the agent.

This case should be affirmed. It is so ordered.

AFFIRMED.   REHEARING DENIED.

BEAN, J., concurs.

RAND, C. J., and BELT, J., concur in the result.