46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GOOD SAMARITAN HOSPITAL & MEDICAL CENTER, Plaintiff-Appellant,
v.
HEALTH SYSTEMS GROUP, Defendant-Appellee.
 No. 93-35500.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 12, 1995.*
Decided: Feb. 1, 1995.
 
 1
 Before: PREGERSON and TROTT, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Good Samaritan Hospital & Medical Center ("Good Samaritan") appeals the district court's grant of summary judgment in favor of Health Systems Group ("HSG") in HSG's diversity action. The district court found that HSG did not misappropriate a partnership opportunity or breach its fiduciary duties when it unilaterally opened a MRI facility. We affirm.
 
 BACKGROUND
 I.
 
 4
 Plaintiff/Appellant Good Samaritan Hospital & Medical Center is a non-profit health care provider based in Portland, Oregon. Defendant/Appellee Health Systems Group is a non-profit Washington corporation that provides health care in the Vancouver, Washington area.
 
 
 5
 On May 15, 1987, Good Samaritan and HSG executed a written partnership agreement for the joint ownership and operation of a magnetic resonance imaging ("MRI") facility at the Good Samaritan's campus in Portland. In June 1989, HSG installed a MRI facility in Vancouver.
 
 
 6
 The dispute arises largely on the parties' conflicting interpretations of Article XIII of the agreement, which deals specifically with the establishment of an MRI facility in Vancouver, Washington and states in part:
 
 
 7
 13.1 Vancouver Facility. At a time in the future when it reasonably appears that the number of annual scans done at the partnership's MRI facility located on the Good Samaritan campus and the financial return therefrom would support an additional MRI machine, or when the partners agree that an MRI machine should be installed in Vancouver, Washington, whichever is earlier, the partnership will undertake to acquire, install and operate an MRI machine at or near St. Joseph Community Hospital in Vancouver if HSG requests that it do so....
 
 
 8
 This paragraph also provides that the purchase, installation, and operation of the MRI machine in Vancouver by the partnership will be accomplished similarly to that of the MRI machine at Good Samaritan.
 
 
 9
 Article XIV, concerning the transfer of partnership interests, and Article XVII, concerning covenants not to compete also have bearing on the case. Paragraph 14.4 states in part:
 
 
 10
 In addition, Good Samaritan shall have the option, within three years of the time it learns of the participation, to purchase HSG's interest in the partnership at the price and on the terms set forth in [this Agreement] if HSG participates in a substantial way, either directly or through an affiliated ... entity, in the installation of an MRI machine in Vancouver, Washington without requesting that the partnership do so as provided in Article XIII of this Agreement.
 
 Paragraph 17.2 provides:
 
 11
 17.2 Covenants Not to Compete - HSG. If HSG transfers all or any part of its interest in the partnership to Good Samaritan or a third party pursuant to sections 14.2, 14.3, 14.4 or 15.2 hereof, and if at the time of the transfer the percentage of procedures performed at the partnership's magnetic resonance imaging facility in Portland, Oregon, for patients residing in Clark County, Washington, exceeds the total number of procedures performed at the facility during a 12-month period, then HSG will not, for a period of two years after the date of transfer, directly or indirectly:
 
 
 12
 (a) own, manage or operate a magnetic resonance imaging facility or equipment in Multnomah, Clackamas or Washington Counties, Oregon or Clark County, Washington; or
 
 
 13
 (b) be a member of a partnership, or a stockholder, investor, agent, associate or consultant of a person, partnership or corporation which does any of the foregoing.
 
 II.
 
 14
 On November 25, 1992 the Good Samaritan Hospital filed a complaint in district court. The complaint stated four claims for relief: declaratory relief, breach of contract, a request for accounting, and breach of fiduciary duty. Good Samaritan contended that the partnership agreement restricted HSG's autonomy to unilaterally open the Vancouver MRI facility. HSG moved for partial summary judgment on the breach of contract and declaratory relief claims. Good Samaritan countered with a motion for partial summary judgment on the declaratory relief claim. The court granted Health Services Group's motion for summary judgment and denied Good Samaritan's motion. HSG then moved for summary judgment on the remaining claims, which the court granted.
 
 
 15
 Judgment was entered on April 27, 1993. Notice of appeal was timely filed on May 18, 1993.
 
 STANDARD OF REVIEW
 
 16
 We review a grant of summary judgment de novo. Jessinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 DISCUSSION
 A. Breach of Partnership Agreement
 
 17
 Good Samaritan claims that the Partnership Agreement is a contract that, applying "Oregon law, must be read as a whole, giving effect to all of its parts." HSG argued on summary judgment that Good Samaritan's claims must fail because HSG had a contractual right under the Agreement to open its own MRI facility. The parties agree that the Agreement is fully integrated and that its relevant provisions are unambiguous. For this reason the district court upon deciding summary judgment on the breach of contract, determined the contract language must be construed in accordance with its plain meaning. See, e.g., May v. Chicago Ins. Co., 260 Or. 285, 292, 490 P.2d 150 (1971) (citing Libby Creek Logging, Inc. v. Johnson, 225 Or. 336, 339, 358 P.2d 491 (1960)). A fully integrated and unambiguous contract must be construed as a matter of law without resort to extrinsic evidence. Jarrett v. U.S. Nat'l Bank, 81 Or. App. 242, 725 P.2d 384, 386-87 (1986), rev. denied, 302 Or. 476, 731 P.2d 442 (1987).
 
 
 18
 Applying plain meaning analysis to p 13.1, the trial court concluded that p 13.1 gave HSG the power to request the partnership's participation in opening a Vancouver facility provided that one of the following conditions was met: "(1) the number of scans and the financial return from the Portland facility appear to justify an additional MRI machine; or (2) the partners agree to an additional machine." The trial court concluded that p 13.1 merely identifies Vancouver as a potential site for a partnership venture, it does not require partnership involvement in any Vancouver facility established by HSG. We agree and conclude that under the terms of p 13.1 HSG could block partnership involvement by simply requesting that no partnership action be taken.
 
 
 19
 Paragraph 13.1 is limited to circumstances under which the partnership can undertake to open an MRI facility in Vancouver and is silent as to whether HSG has a unilateral right to open a facility. This interpretation of p 13.1 is consistent with p 14.4, which permits Good Samaritan "to purchase HSG's interest in the partnership ... if HSG participates in a substantial way, either directly or through an affiliated ... entity, in the installation of an MRI machine in Vancouver, Washington without requesting that the partnership do so ...." This provision not only recognized the possibility that HSG might open it own MRI facility, but specifically provided Good Samaritan with an option to purchase HSG's partnership interest if HSG did open its own facility. If the parties intended that HSG be restricted in any way from opening an independent facility, then p 14.4's explicit reference to a non-partnership MRI facility would make no sense. Nothing about this paragraph suggests that the opening of a Vancouver facility would violate HSG's partnership obligations under the contract.
 
 
 20
 Article XVII contains provisions not to compete. Good Samaritan raises, for the first time on appeal, that p 17.2 and p 14.4 are inconsistent. We will not, in general, hear issues raised on appeal for the first time. See United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir. 1993); Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir. 1985). We are not prepared to overturn our general rule because we see no merit in the petitioner's claim that p 17.2 and p 14.4 are necessarily inconsistent. Under the plain language of the contract, nothing prohibits HSG from opening an MRI facility in Vancouver, and we therefore conclude that HSG did not violate its partnership agreement with Good Samaritan.
 
 B. Breech of Fiduciary Duty
 
 21
 Good Samaritan argues that HSG breached its fiduciary duty to the partnership by owning and operating the Vancouver MRI facility without partnership involvement. The essence of Good Samaritan's argument is that the duties created by a fiduciary relationship are generally more onerous than those arising from a contractual relationship. Good Samaritan does not identify any specific obligation that HSG has violated, therefore we reject the claim that HSG breached its fiduciary duty to Good Samaritan.
 
 1. Statute of Limitations
 
 22
 Because we affirm the district court's dismissal of this action, we need not address HSG's argument that the breach of fiduciary duty was barred under Oregon's two year statute of limitations for tort actions. Or. Rev. Stat. Sec. 12.140.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3